# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWAN RASHEED MCBRIDE, | ) | |
| | ) | CV13-239 |
| vs. | ) | (related to CR 08-308) |
| | ) | |
| UNITED STATES OF AMERICA. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is "Petitioner's Motion and Memorandum of Law Pursuant to 28 U.S.C. § 2255(f)(4)" ("Motion and Memorandum"). It is Petitioner's sixth collateral challenge to his conviction for violating 18 U.S.C. §922(g)(1), possession of a firearm by a convicted felon. In the Motion and Memorandum, Petitioner argues that "the sentencing Court violated [his] Sixth Amendment right to counsel, by considering an uncounseled Pennsylvania State Conviction, when imposing a sentence enhancement pursuant to 18 U.S.C. § 924(e), which is a 'Jurisdictional Defect,' and because parties cannot by acquiescence or agreement confer jurisdiction on a federal court, a jurisdictional defect cannot be waived or procedurally defaulted – instead, a sentence tainted by a jurisdictional defect must be reversed." Motion and Memorandum, pp. 2-3. Petitioner further argues that:

> [o]n April 21, 2009, the District Court sentenced the Petitioner as an Armed Career Criminal, and the Petitioner could not have objected to the Court using Petitioner's uncounseled 1997 prior Pennsylvania State Court conviction, CC19714783, because the factual basis for this claim was not discovered until December 20, 2012. . . . The Petitioner, learned about the factual basis of the issue at bar, when a new inmate came to F.C.I. McKean, with a copy of "West's Pennsylvania – Criminal Justice—2009 Pamphlet – With Criminal and Motor Vehicle Statutes." It was at that time, that the Petitioner read the aforementioned Pennsylvania Criminal Justice Pamphlet and realized that CC19714783, from the Court of Common Pleas of Allegheny County, was an illegal conviction. The illegality of CC19714783, is based on the fact that Petitioner was denied a right to counsel on July 28, 1997, when the Petitioner made an initial appearance before a

> judicial officer in the Court of Common Pleas of Allegheny County, was then informed of the formal accusation against the Petitioner, bond was set, and then the Petitioner was sent to jail until the Petitioner was bailed out.

Id. at p. 4 (citations to exhibits omitted). Further, Petitioner contends that the Bureau of Prisons does not possess or provide any Pennsylvania State Law books to the inmate population and therefore, until the new inmate arrived with the West pamphlet referenced above and Petitioner read the pamphlet on December 20, 2012, he could not have known that his 1997 conviction was an illegal conviction. Id. at p. 5.

This most recent habeas motion filed by Defendant is a "second or successive" §2255 motion. As we have explained to him before, the Antiterrorism and Effective Death Penalty Act of 1996 mandates that a defendant seeking to file a second or successive § 2255 motion must obtain from the court of appeals having jurisdiction over the sentencing court, here the United States Court of Appeals for the Third Circuit, a certification that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h). Here, this is no evidence that Defendant obtained the requisite certification from the appellate court prior to filing the instant Motion in this Court. Absent this certification from the appellate court, we do not have jurisdiction to consider the merits of "Petitioner's Motion and Memorandum of Law Pursuant to 28 U.S.C. § 2255(f)(4)" and it must be dismissed. Defendant, of course, is free to seek the requisite certification from the appellate court.

Accordingly, the following ORDER is therefore entered:

AND NOW, this 21st day of February, 2013, it is hereby ORDERED, ADJUDGED, AND DECREED that Petitioner's Motion and Memorandum of Law Pursuant to 28 U.S.C. § 2255(f)(4)," found by this Court to be an uncertified second or successive motion brought pursuant to 28 U.S.C. § 2255 motion, is DISMISSED for lack of jurisdiction.

The Clerk of Court shall mark this case CLOSED.

S/Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
Senior District Court Judge

cc: Dawan McBride